WILLIAM F. ABBOTT vs. THOMAS McALOON.

Penobscot.   Opinion June 25, 1879.

*Evidence.   Order.   Signature,—authenticity of.*

Upon the question whether an order for goods received by mail by the plaintiff, purporting to be signed by the defendant, was or not either signed or authorized by the defendant, the testimony of the plaintiff, that the defendant previously informed him that he would send an order, and that a postcript to the order alluded to a matter known only to the plaintiff and the defendant, affords sufficient *prima facie* evidence to establish the fact that it was the authorized order of the defendant.

ON EXCEPTIONS.

ASSUMPSIT on account annexed, one item of which was for one thousand cigars, sent to the defendant by the plaintiff in answer to the following order or letter :

"Bangor, Me., April 11th.   W. F. Abbott, Sir : Please send me an assortment of cigars for a new place.   I want about four hundred good nice ones, and six hundred of good cigars, that I can sell for ten cents each.   I should prefer two different brands of the six hundred—three hundred of each, making one thousand in the whole.   Thomas McAloon.   P. S.   I have not received that $105.00 according to agreement.   Send by Monday's express, sure."

Writ dated June 26, 1876.   Plea, the general issue.

At the trial the defendant objected to the introduction of the order or letter directed to plaintiff, bearing defendant's name, ordering one thousand cigars of plaintiff, it being admitted that said signature was not in the hand-writing of the defendant.   The fact whether or not the defendant authorized it to be written was left to the jury, to be inferred or not, from circumstances.

The jury were instructed not to consider the letters unless they were satisfied from the evidence that the letter was authorized to be written and sent by the defendant.

Other facts in the opinion.   The verdict was for the plaintiff for $391.69, including the charge for the cigars, and the defendant alleged exceptions.

*P. G. White & J. W. Donigan*, for the plaintiff.

*S. F. Humphrey & F. H. Appleton*, for the defendant.

PETERS, J. The plaintiff, in Saco, received by mail a written order for cigars, purporting to be signed by the defendant in Bangor. The question arose whether the order was either signed or authorized by the defendant. The plaintiff testified that a postscript on the order alluded to a matter known to no person but the defendant and himself, and that previous to the reception of the order the defendant promised him he would send him an order.

The question now is, whether that testimony was enough to authorize the submitting the paper to the jury, for them to consider, provided they first found, as a matter of fact, the paper to have been the authorized order of the defendant. We think it was *prima facie* sufficient. Proof of hand-writing is one mode of showing that papers are genuine or authorized. It may also be done by admission and conduct in various ways. Men may communicate by means of signs and cipher as well as by using words in their ordinary signification. There are cases holding that, if A mails a letter to B and receives an answer by mail purporting to come from B, the fact that such an answer is so received makes a *prima facie* case in favor of the genuineness of the answer. That principle governs this case. Whar. Ev., § 1328. *Chaffee* v. *Taylor*, 3 Allen, 598. *Tozier* v. *Crafts*, 123 Mass. 480.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.