1997 ME 198

**Philip J. RENO, Jr., et al.**

v.

**Lorraine TOWNSEND.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 24, 1997.

Decided Sept. 26, 1997.

Richard R. Regan, Law Offices of Ronald A. Hart, Bath, for plaintiff.

Kevin G. Libby, Cornelia Fuchs Fisher, Monaghan, Leahy, Hochadel & Libby, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN,* CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Philip J. Reno, Jr. and Mary L. Reno appeal from the judgment entered in the Superior Court (Sagadahoc County, *Atwood, J.*) on the jury verdict in favor of Lorraine Townsend on the Renos' complaint against her seeking damages for injuries suffered by them as a result of her alleged negligence. They contend the court committed obvious error in its instructions to the jury. We disagree and affirm the judgment.

[¶ 2] One afternoon in April 1994, while driving on Route 1 in Wiscasset, Lorraine Townsend encountered a construction area identified by signs, traffic cones, and a flagger with a stop/slow sign. After being waved on by the flagger, Townsend was traveling through the area when she saw one of the construction workers, Philip Reno, standing a short distance ahead. As Townsend proceeded, Reno stepped backward into the travel lane, collided with her vehicle, and was injured. By her answer to the Renos' complaint, Townsend asserted Philip Reno's negligence as an affirmative defense. After a four-day trial, the jury returned a verdict in favor of Townsend finding she was not negligent.

[¶ 3] At the trial the Renos proposed a jury instruction based on 29 M.R.S.A. § 944–A (Supp.1993), *repealed by* P.L.1993, ch. 683, § A–1 (effective January 1, 1995).[1] The court agreed to provide such an instruction; however, because it determined that an instruction based solely on section 944–A might mislead the jury to believe that Townsend was strictly liable, a fact that all parties agreed was not the case, the court also agreed with Townsend's request to add to the instruction language similar to 29 M.R.S.A. § 954(2) (1978), *repealed by* P.L. 1993, ch. 683, § A–1 (effective January 1, 1995).[2] Although the court recognized that section 954 applied to pedestrians in crosswalks rather than construction workers in construction zones, it reasoned that adding similar language would address the concomitant duty of Philip Reno to exercise caution when entering the travel lane. The challenged instruction provides:

> [T]he driver of a motor vehicle shall yield the right-of-way to a person actually engaged in work upon a highway within any highway construction or maintenance area indicated by official traffic control devices. However, a driver is not required to yield when he or she is confronted with an emergency or sudden event which makes it impossible or hazardous to yield.

[¶ 4] The Renos contend this instruction was erroneous. The arguments they now assert to support this contention differ from those asserted at the trial. At the trial the Renos argued they were entitled to their proposed jury instruction because it accu-

---

* Justice Glassman participated in the initial conference but retired before this opinion was published.

1. 29 M.R.S.A. § 944–A (Supp.1993), *repealed by* P.L.1993, ch. 683, § A–1 (effective January 1, 1995), provides: "The driver of a vehicle shall yield the right-of-way to any authorized vehicle or person actually engaged in work upon a highway within any highway construction or maintenance area indicated by official traffic control devices." The Renos' proposed instruction contained essentially identical language.

2. 29 M.R.S.A. § 954 (1978), *repealed by* P.L. 1993, ch. 683, § A–1 (effective January 1, 1995), provides in pertinent part:

    **1. Traffic-control signals not operating.** When traffic-control signals are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.

    **2. Prohibition.** No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

rately reflected the language of the applicable law, section 944–A. They further argued that any instruction based on section 954(2) was inappropriate because that section does not apply to the facts of the case. Although agreeing section 954 was not applicable directly, the court stated it still needed to instruct the jury that section 944–A did not impose strict liability. The Renos responded by continuing to assert merely that section 944–A was applicable and section 954(2) was not. The Renos did not argue, as they do on appeal, that limiting the duty imposed by section 944–A in the event of an emergency was inappropriate because Townsend's negligence may have contributed to the emergency, and that the court's instruction eviscerated the jury's separate consideration of Townsend's negligence, thereby leading the jury to fail to consider the application of the law of comparative negligence. Finally, despite their concession regarding strict liability, they did not present the court with an alternative instruction that section 944–A did not impose such liability. In these circumstances they have failed to preserve the alleged errors. *See Aucella v. Town of Winslow,* 628 A.2d 120, 123 (Me.1993) (citing *Fuller v. Central Maine Power Co.,* 598 A.2d 457, 460 (Me.1991)) ("[T]o properly preserve a challenge to a jury instruction, a party must not only object but must state distinctly the ground for the objection. A failure to direct the court's attention to the challenged language ... or to offer a more acceptable version may render the objection inadequate to preserve the issue...."); M.R. Civ. P. 51(b). Accordingly, we review for obvious error.

[¶ 5] A finding of obvious error is a serious one that should be utilized sparingly and must be limited only to extreme circumstances.[3] The requirement that a party voice objection to jury instructions before the jury begins its deliberations

embodies a strong policy, necessary for the sound and efficient administration of justice, that parties may not await the outcome of a case to assert alleged reversible error based on court instructions ... which the [court] could have been afforded opportunity to avoid had the alleged error been called to [its] attention at a time when [it] was in position to make appropriate correction.

*Wescott v. Vickerson,* 284 A.2d 902, 904 (Me. 1971). Lax application of the obvious error doctrine undermines this policy. We should not disturb a verdict based on such an instruction unless the unpreserved error is "of the exceptional kind that seriously affected the fairness [or] integrity ... of the proceeding." *Harris v. PT Petro Corp.,* 650 A.2d 1346, 1349 (Me.1994) (citing *Twin Island Dev. Corp. v. Winchester,* 512 A.2d 319, 324 (Me.1986)). We are not presented with such a case here.

[¶ 6] Viewing the instruction in its entirety, as we must, we are unable to find an "obvious" error. The instructions were not complex and reflected common sense notions concerning an activity, driving a vehicle, performed by most people every day. The trial court's failure to *explicitly* and *separately* instruct the jury that it had to decide whether Townsend was confronted with an emergency and whether she may have contributed to any emergency does not constitute an exceptional kind of error that seriously affected the integrity or fairness of the proceedings requiring us to vacate this judgment. That the jury had to make these factual determinations was implicit in the emergency instruction itself and in the instructions pertaining to the rules of the road and negligence of the parties. In addition, before instructing as to the legal issues in the case, the court clearly informed the jury that its duty was to determine the facts and apply those facts to the law. In view of the deference that *we give to the trial court in charg-*

---

3. A literal reading of M.R. Civ. P. 51(b) is even more harsh because it does not mandate analysis of unpreserved objections for obvious error. The rule provides that "[n]o party may assign as error the giving or the failure to give an instruction *unless the party objects thereto before the jury retires to consider its verdict,* stating distinctly the matter to which the party objects and the

grounds of the objection." M.R. Civ. P. 51(b) (emphasis added). Commentators have stated that the "[f]ailure to object at the time constitutes a waiver." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 51.1 at 675 (1970). Notwithstanding the language, however, we have reviewed unpreserved objections to jury instructions for obvious error.

ing the jury, and because the error now claimed by the Renos was not called to the court's attention, we affirm that judgment.

The entry is:

Judgment affirmed.

