2000 ME 147

**Philip MOREY**

v.

**Travis STRATTON et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 27, 2000.

Decided July 26, 2000.

David L. Herzer, Esq., Norman Hanson & DeTroy, LLC, Portland, John P. Frankenfield, Esq., Law Offices of Anthony Shusta, Madison, for plaintiff.

Paul F. Macri, Esq., Willian D. Robitzek, Esq., Berman & Simmons, P.A., Lewiston, Lawrence P. Bloom, Esq., Skowhegan, for defendants.

Panel WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

SAUFLEY, J.

[¶ 1] Travis and Lisa Stratton appeal from a judgment and from the denial of a motion for a judgment as a matter of law or a new trial entered in the Superior Court (Somerset County, *Marsano, J.*) following the entry of judgment upon a jury's verdict in favor of Philip Morey on their claim regarding certain injuries to Travis. On appeal, the Strattons contend that the court erred in instructing the jury on the issue of a joint enterprise. Morey cross-appeals from the denial of his motion for costs. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Travis and Lisa Stratton leased a house from Philip Morey while they sought financing for an eventual purchase of the premises. At the time that the Strattons were looking at the house, Morey showed Lisa a hinged stair on a staircase in the house. This stair had a hook, but no latch, and could not be secured. Months later, after the Strattons had moved in, Morey became concerned about the possible loss of his homeowners insurance on the house because of the presence of a wood stove that the Strattons had set up in the cellar. Morey directed the Strattons to remove the wood stove before an upcoming inspection by Morey's insurance company.

[¶ 3] Working together with a dolly, the Strattons attempted to move the stove, which weighed approximately 150 pounds, up the staircase with the hinged stair. The dolly apparently caught on the hinged stair and dropped, and the Strattons lost control of the stove and dolly. Travis's back was injured, and he was unable to work for several weeks.

[¶ 4] Morey eventually evicted the Strattons and sued to recover (1) unpaid rent, (2) compensation for damage to the property "beyond normal wear and tear," and (3) the principal and interest due on a $2000 loan he had made to the Strattons. The Strattons admitted their debt on the loan, but filed a ten-count counterclaim

seeking, inter alia, damages in negligence for Travis's injuries and in quantum meruit for improvements made to the house. The Strattons removed the case to the Superior Court and requested a jury trial.

[¶ 5] After the trial, the jury found that the Strattons' combined negligence exceeded Morey's regarding the moving of the stove, thus precluding recovery by the Strattons on their counterclaim for negligence. The jury returned verdicts in Morey's favor on his claims for breach of the lease and for damage to the property, awarding $760 for back rent, but determining that the damage to the property had zero value. Although it found that Morey had engaged in an unfair trade practice, it concluded that the Strattons were not harmed by that conduct. Finally, the jury awarded the Strattons $600 in quantum meruit for improvements to the house.

[¶ 6] Both parties sought costs. The court declined to award costs to either party, concluding that "[f]or the purposes of cost[s], neither party was the prevailing party."[1] After the Strattons' motion for a new trial or a judgment as a matter of law was denied, the Strattons appealed, and Morey cross-appealed.

## II. DISCUSSION

[¶ 7] The Strattons contend that the court erred when it instructed the jury with respect to the joint enterprise doctrine regarding their efforts in moving the

wood stove. They argue that the presence of a common *pecuniary* interest should be a required element of a joint enterprise. We have not previously required such an interest, requiring instead "proof of a community of interest in and the joint prosecution of a common purpose under such circumstances that each participant has authority to act for all in directing and controlling the means of agency employed." *Illingworth v. Madden,* 135 Me. 159, 164, 192 A. 273, 276 (1937); *see also Cullinan v. Tetrault,* 123 Me. 302, 306, 122 A. 770, 772 (1923); *Trumpfeller v. Crandall,* 130 Me. 279, 287, 155 A. 646, 650 (1931).

[¶ 8] The Strattons, however, have failed to preserve the issue on appeal. The record before us reveals no objection to the wording of the jury instruction, nor does it contain any proposed alternative language.[2] Moreover, the record reveals no objection to the jury verdict form, which neither asked the jury to determine whether a joint enterprise existed nor asked the jury to determine separately Travis's and Lisa's negligence. The language of the verdict form assumed the presence of a joint enterprise, even though the court appears to have instructed the jury to determine whether or not a joint enterprise existed before weighing any of the parties' negligence. *See Thibodeau v. Slaney,* 2000 ME 116, ¶¶ 21–23, 755 A.2d 1051, 1057 (holding absence of objection to

1. Some of the original docket entries were unclear, leaving the parties without an apparent final judgment on appeal. After remand to the Superior Court, the court conferred with counsel to craft a written judgment on all outstanding counts of the complaint and counterclaim. In addition to the matters that went to the jury, the court entered judgment in Morey's favor regarding his complaint for failure to pay on the loan and on the Strattons' counterclaim for unjust enrichment. Thus, aside from the undisputed amount owed on the loan, the net judgment amounted to $160 in Morey's favor.

2. The record on appeal contains only a transcript of the testimony of Travis and Lisa Stratton. The Strattons have not provided

any part of the jury instructions conference or the court's jury instructions. From the limited record before us, we can discern no specific objection to the jury instruction as given. The parties appear to agree that the court gave the instruction proposed by Morey's counsel, and contained in the appendix as submitted, verbatim. The only record reference to any objection whatsoever is contained in the trial court's order on the motion for a new trial. There, the court indicated that the Strattons did object, apparently on a general basis, to the court's intention to instruct the jury on joint enterprise. The Strattons concede that they did not object to the jury verdict form.

jury form constitutes failure to preserve issue on appeal).

[¶ 9] The absence of an articulated objection to the jury instruction or verdict form severely restricts appellate review of the issues raised. "In order to properly preserve a challenge to a jury instruction, a party must not only object but must state distinctly the ground for the objection. A failure to direct the court's attention to the challenged language of a jury instruction or to offer a more acceptable version may render the objection inadequate to preserve the issue for appeal." *Aucella v. Town of Winslow*, 628 A.2d 120, 123 (Me.1993) (citing *Fuller v. Central Me. Power Co.*, 598 A.2d 457, 460 (Me.1991); M.R. Civ. P. 51(b)); *see also Haworth v. Feigon*, 623 A.2d 150, 157 (Me.1993) (holding issue was not preserved when co-defendant failed to ask that the jury be instructed to separately determine her liability, and failed to object to an inadequate jury verdict form).

[¶ 10] When the claimed error has not been preserved, we review the instruction for obvious error. *See Reno v. Townsend*, 1997 ME 198, ¶ 4, 704 A.2d 309, 310–11.[3] Because of the importance of bringing the specific challenge to the attention of the trial court at a time when the court may consider and react to the challenge, we will not disturb a verdict unless the unpreserved error is "of the exceptional kind that seriously affected the fairness [or] integrity ... of the proceeding." *Harris v. PT Petro Corp.*, 650 A.2d 1346, 1349 (Me.1994) (citing *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 324 (Me.1986)). Thus, we will find obvious error only in the most "extreme circum-

stances." *Reno*, 1997 ME 198, ¶ 5, 704 A.2d at 311.

[¶ 11] Those circumstances do not exist here. The Strattons argue that the law upon which the trial court based its instruction should be changed, clarified, or augmented, not that the instruction given was identifiably wrong. No obvious error exists under these circumstances.[4]

[¶ 12] Finally, notwithstanding Morey's contentions, we find no error in the court's determination, when viewing the case "as a whole," *Dodge v. United Servs. Auto. Ass'n*, 417 A.2d 969, 975 (Me.1980), that neither party had prevailed, *see Landis v. Hannaford Bros.*, 2000 ME 111, ¶ 6, 754 A.2d 958, 959.

The entry is:

Judgment affirmed.

---

3. The applicable rule does not mandate analysis of unpreserved objections for obvious error. *See* M.R. Civ. P. 51(b). Notwithstanding the plain language of Rule 51, however, we review unpreserved objections to jury instructions for obvious error. *See Reno*, 1997 ME 198, ¶ 4, 704 A.2d at 310–11.

4. The Strattons also argue that a "domestic chore" can never constitute a joint enterprise, apparently challenging the sufficiency of the evidence to support the jury's verdict. In the absence of a complete record of the proceedings below, we will assume that there was sufficient evidence to support the jury's findings. *See International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987).