2002 ME 61

**Natalie CLEWLEY**

v.

**Dennis WHITNEY.**

Supreme Judicial Court of Maine.

Argued: March 6, 2002.
Decided: April 11, 2002.

---

Martha J. Harris, (orally), John D. Bunker, Paine, Lynch & Harris, P.A., Bangor, for plaintiff.

Christopher C. Dinan, (orally), Noah D. Wuesthoff, Monaghan Leahy, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Natalie Clewley appeals from a judgment of the Superior Court (Penobscot County, *Marsano, J.*) following a jury verdict in favor of Dennis Whitney in her civil action arising out of an automobile accident. Clewley contends that the verdict is inconsistent with the evidence and that the trial court erred by: (1) restricting redirect examination of a police officer; (2) allowing evidence regarding substantial damages that she asserted in a demand to settle claims arising from a subsequent accident; and (3) failing to give her requested jury instructions. Because the evidentiary rulings were within the range of the trial court's discretion, Clewley's objections to the court's jury instructions were not sufficiently specific, and the evidence does not compel a contrary result, we affirm the judgment. Only the jury instruction issue merits further discussion.

## I. CASE HISTORY

[¶ 2] Natalie Clewley was a passenger in a motor vehicle travelling on Union Street in Bangor on February 23, 1993. At the intersection of Union Street and an exit ramp from Interstate 95, the vehicle in which Clewley was riding was involved in a collision with a vehicle operated by Dennis Whitney. The evidence would permit a fact-finder to determine that, at the time of the collision in the evening hours, the road surface was icy and snow-packed and a snow storm was ongoing. The evidence could also support a finding that the vehicle in which Clewley was riding was being operated at forty miles per hour, fifteen miles per hour in excess of the posted twenty-five mile-per-hour speed limit.

[¶ 3] After the close of the evidence, the court and counsel for the parties engaged in a substantial discussion regarding jury instructions. Some of that discussion was on the record and some may have been off the record. During this discussion, Clewley's counsel proposed many separately numbered but duplicative jury instructions to address the negligence and rules of the road issues upon which the court would be instructing the jury. The instructions that were particularly subject to counsel's comments were proposed instructions 7, 8, 9, 10, 14, 15, and 16. The court indicated that it would be covering many of the issues addressed in the separately numbered instructions, but in its own words.

[¶ 4] Rather than engage in an extended discussion regarding each of the separately numbered instructions, the court, as is common trial practice, permitted counsel to file the separate instructions to preserve a basis to object regarding any instructions that were not given. The court indicated that with this process, counsel was properly preserving objections to inconsistent instructions, but the court reminded counsel that there would be further opportunity for comment "after I finish."

[¶ 5] The court instructed the jury with its instructions generally covering the areas addressed by Clewley's specific instruction requests. After the court completed its instructions on the substantive law, it invited counsel to side bar to discuss instructions. Counsel for Whitney made comments and presented objections regarding the court's instructions at this time. Counsel for Clewley offered no objections or instruction requests. The court then recessed the jury to deliberate. Approximately forty-five minutes later the jury returned with a defense verdict. Clewley filed a motion for new trial that was denied and then brought this appeal.

[¶ 6] In her initial brief on appeal, Clewley generally complained about the court's failure to utilize her proposed instructions but without addressing any specific error in the court's instructions to the jury. In her reply brief, Clewley asserted that her requested instructions 8, 9, 14, 15, and 16 had not been given and that instructions 7 and 10 had been given only in part. At oral argument, she more specifically focused on failure to give her proposed instruction 16 which, arguably, may have clarified a point generally covered in the court's instructions.

## II. DISCUSSION

[¶ 7] Parties who engage in the practice of filing numerous, duplicative, separately numbered jury instruction requests addressing similar issues with varying language risk diverting attention away from issues of particular concern in jury instructions for the case at hand, both at trial and on appeal. Repetitive quotations from authorities ten, thirty, or sixty years old add little to development of the body of instructions that is necessary and appropriate for the case immediately before the court. Instruction requests should be drafted in a way that is narrowly focused on the particular issues of concern in the pending case. *See State v. Ashley,* 666 A.2d 103, 107 (Me.1995) ("[I]nstructions should be developed in a manner that explains the law to the jury in the context of the individual case.").

▮ [¶ 8] On appellate review, a party can demonstrate entitlement to a requested instruction only where the instruction was requested and not given by the court and it: (1) states the law correctly; (2) is generated by the evidence in the case; (3) is not misleading or confusing; and (4) is not otherwise sufficiently covered in the court's instructions. *Mixer v. Tarratine Market,* 1999 ME 27, ¶ 6, 724 A.2d 614,

615; *see also Reno v. Townsend,* 1997 ME 198, ¶ 4, 704 A.2d 309, 311. In addition, the refusal to give the requested instruction must have been prejudicial to the requesting party. *Mixer,* 1999 ME 27, ¶ 6, 724 A.2d at 615.

▮ [¶ 9] To preserve objections to instructions, a party must object before jury deliberations begin, "stating distinctly the matter to which the party objects and the grounds of the objection." M.R. Civ. P. 51(b); *accord* M.R.Crim. P. 30(b). A generalized citation to a group of requested instructions is insufficient to properly preserve objections to a particular point in the court's jury instructions. As the rules emphasize, an objecting party must state distinctly to the trial court the grounds for the objection to the jury instructions and point to the specific claimed inadequacy in the instructions given by the trial court. Failure to direct the court's attention to the challenged language of its jury instructions or to offer a more acceptable version of a specific instruction renders any generalized objection inadequate to preserve the issue for appeal. *Morey v. Stratton,* 2000 ME 147, ¶ 9, 756 A.2d 496, 499; *see also Fuller v. Central Maine Power Co.,* 598 A.2d 457, 460 (Me.1991).

▮ [¶ 10] The purpose of objections to instructions is to assist the trial court in developing the most accurate and concise statement of the law possible for instructing the jury, rather than to preserve points on appeal. Where a party requests specific instructions and the court (1) explicitly refuses to give the requested instructions, and (2) indicates in an on the record discussion before instructions that the issue is preserved, the party's request and objection is preserved as a claim of error only if the issue addressed in the requested instructions is not contained in the court's instructions to the jury. *See*

*State v. Dumond,* 2000 ME 95, ¶ 10, 751 A.2d 1014, 1017. Where, as here, specific instructions are proposed and the trial court generally covers the subject matter of the proposed instructions in its own language, a party must make a specific and focused objection after the instructions are completed and propose language to correct the perceived problem in order to preserve the issue for appeal.

■ [¶ 11] After the jury was instructed in this case, no such focused objection or proposed language was presented to the court. In this context, Clewley's proposed instructions which, at best, would clarify a matter addressed by the court, did not sufficiently preserve any objection to the instructions. The court's instructions, as given, do not appear to be in error let alone the obvious error necessary to vacate when an objection is not properly preserved. *See Morey,* 2000 ME 147, ¶ 10, 756 A.2d at 499.

The entry is:

Judgment affirmed.