STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-034

THOMAS BRAGG,

                    Plaintiff

            v.

JOSEPH SOLEY, et al.,

                    Defendants

ORDER ON DEFENDANT
SOLEY'S MOTION FOR
SUMMARY JUDGMENT

JUN 8 2004

Before the court is the motion of Defendant Joseph Soley for summary judgment on Plaintiff's Complaint pursuant to M.R. Civ. P. 56.[1]

## FACTUAL BACKGROUND

The following factual background is derived from the material facts submitted by the parties.[2]

Defendant Soley owned 446 Fore Street, a commercial building in Portland's Old Port. (Def. Joseph Soley's Statement of Material Facts in Support of His Mot. for Summ. J. (SSMF) ¶ 1.) In 1996, Soley executed a commercial lease with Scott Orchow and

---

[1] In this order, the court has implicitly dealt with Soley's Motion to Strike portions of Plaintiff's Response to Defendant Soley's Statement of Material Facts in Support of His Motion For Summary Judgment in its independent evaluation of all of the supporting, opposing and reply statements of material facts submitted by the parties pursuant to M.R. Civ. P. 56(h). Accordingly, the court determines that there is no need to separately rule on any such motion to strike and declines to do so.

[2] The court notes that Plaintiff's opposition memorandum contains a number of record citations that have not been included in his accompanying statement of material facts. These citations are not included in this factual background, nor does the court in its analysis of Soley's motion consider them. See M.R. Civ. P. 56(h)(4) ("The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts"); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 9, 770 A.2d 653, 656.

Wayne Lewis. (SSMF ¶ 2.) Orchow and Lewis, through their corporation, Waycot, Inc. operated a bar on the premises known as the Bitter End, later known as the Better End. (SSMF ¶ 4.) Lewis officially severed ties with the tavern on December 31, 1998. (Pl.'s Response to Def. Soley's Statement of Material Facts in Support of His Motion for Summ. J. (PSMF) ¶ 4.)

After Lewis was no longer associated with the bar, Stephen Wallace, Orchow's bookkeeper, purchased the assets of the Better End. (SSMF ¶ 5.) Wallace and Soley executed a lease, however, Defendant Soley claims that the actual lease no longer exists. (SSMF ¶ 6; PSMF ¶ 6.)[3] The parties agree that Wallace obtained a liquor license, but they dispute whether Wallace operated the bar. (SSMF ¶ 7; PSMF ¶ 7.)[4]

The parties also dispute the extent of Soley's involvement in the bar. (SSMF ¶ 8; PSMF ¶ 8.) There is a dispute over whether Soley had an interest in the bar, control over the bar and involvement in the bar. (SSMF ¶ 8; Defendants The Better End, Inc., et al., Statement of Material Facts in Response to Joseph Soley's Motion for Summary Judgment (BSMF) ¶ 8.)[5] Although the parties agree that during Wallace's tenure, Soley

---

[3] Statements made by Plaintiff and Defendant about whether the terms of the lease are standard commercial terms are inadmissible. Neither party has established that he is an expert witness qualified to testify on what constitute standard terms of a commercial lease. See M.R. Evid. 702.

[4] The court notes that while the first two sentences in PSMF ¶ 7 are proper qualifications and have been considered by the court in its analysis, the other statements in Plaintiff's qualification are additional statements of material fact that have been improperly co-mingled with Plaintiff's opposing statements and, accordingly, have not been considered by the court. See Doyle v. Dep't of Human Servs., 2003 ME 61, ¶ 11, 824 A.2d 48, 53 (holding that a court need not consider additional facts when they are improperly commingled in the nonmoving party's paragraphs responding to the moving party's material facts and are not set forth in a separate section of additional facts organized in separate numbered paragraphs added pursuant to Rule 56(h)(2)).

[5] Soley asserts that Plaintiff's opposition to SSMF ¶ 8 is inadmissible because it is not short and concise and because it cites hearsay and unauthenticated documents. The court finds that the statements in PSMF ¶ 8 are short and concise, however, rather than simply citing the record, Plaintiff has unnecessarily quoted and paraphrased the record after each of its statements in support of its denial. Accordingly, the court elects not to bar PSMF ¶ 8 on the ground that it is

2

or P.J. Lewis (Soley's agent) picked up the rent check on a weekly basis, they dispute whether the extent of Soley's interactions with Orchow, Wallace and the Better End management can be characterized as "occasional chats." (SSMF ¶ 9; PSMF ¶ 9.) In addition, the parties dispute whether Wallace and Soley had discussions prior to Wallace's purchase of the business other than negotiation of the lease. (SSMF ¶ 10; BSMF ¶ 10; PSMF ¶ 10.)

In January 2001, Plaintiff was injured in an incident with the bar's bouncer on the sidewalk in front of the bar. (PSMF ¶ 12.) The bouncer was hired after Wallace began leasing the premises. (SSMF ¶ 14.)[6] At the time of the incident, Soley lived in New York and his only contact with the bar was through his employee, P.J. Lewis, who collected the rent. (SSMF ¶ 13.) However, Soley maintained a residence located less than a quarter mile from the bar and continued to vote in Maine. (PSMF ¶ 13.) After commencement of the Wallace lease, Soley was never aware that Wallace violated the terms of the liquor lease, and to the extent that there were any incidents, Soley was not informed. (SSMF ¶ 11.)[7]

---

not short and concise. However, the court agrees that portions of PSMF ¶ 8 cite unauthenticated documents, see Pl.'s Exs. 10, 11 & 12 and are inadmissible. See M.R. Evid. 901(a).

[6] SSMF ¶ 14 also states, "Soley did not know Torres and was not aware that he was hired." This statement is inadmissible because Kronholm does not have personal knowledge regarding whether Soley knew Torres and whether Soley was aware that he was hired. See M.R. Civ. P. 56(e); Levine, 2001 ME 77, ¶ 6, 770 A.2d at 656 (holding that each party's statement of material facts must contain specific record references which "refer to evidence of a quality that could be admissible at trial").

[7] PSMF ¶ 11 is inadmissible for several reasons. First, the statements made in support of Plaintiff's denial are not short, concise and backed by appropriate record citations as required by M.R. Civ. P 56(h)(2). In addition, additional facts are improperly co-mingled in Plaintiff's denial. See Doyle, 2003 ME 61, ¶ 11, 824 A.2d at 53. Better End's denial of SSMF ¶ 11 is also inadmissible, as the cited portions of the record do not support a denial of SSMF ¶ 11. See M.R. Civ. P. 56(h)(2).

3

In December 2000, before the incident, Soley filed a complaint for eviction because the bar had fallen behind in its rent. (SSMF ¶ 15.) By March 2001, the bar had failed to pay its bills and was evicted. (SSMF ¶ 15.)

Plaintiff filed this action in January 2003. Plaintiff's Complaint names the following Defendants: Joseph Soley, The Better End, Inc., Waycot, Inc., Stephen Wallace, Scott Orchow, Miguel Torres, and Emily Kronholm. Plaintiff's Complaint alleges: Negligence (Counts I & III) and Assault and Battery (Count II) against The Better End, Inc., Soley, Wallace, Orchow, Torres, and Kronholm; Negligent Hiring, Training and Supervision (Count IV) against the Better End, Inc., Wallace, Orchow, Soley, and Kronholm; and Nuisance (Count V) and Joint Enterprise (Count VI) against Waycot, Inc., the Better End, Inc., Wallace, Orchow, and Soley. Plaintiff prays for judgment against Defendants for compensatory damages, punitive damages, costs, attorney fees and additional relief.

## DISCUSSION

Plaintiff alleges two primary theories of liability against Soley. First, Plaintiff claims that Soley is liable as a silent partner, or a co-venturer, under the theory of joint enterprise. Second, Plaintiff argues that Soley is liable as the owner of property who allowed a nuisance to be conducted by his tenant. Soley seeks summary judgment in his favor on both theories.

Soley's original motion for summary judgment also sought summary judgment on Count II of Plaintiff's Complaint under a theory that the Count was barred by the applicable statute of limitations, as well as summary judgment on Plaintiff's claim for punitive damages. Soley abandoned the former argument at the May 13, 2004

4

hearing.[8] However, he maintains his claim that he is entitled to summary judgment on Plaintiff's punitive damages claim.

Defendants The Better End, Inc., Waycot, Inc., Wallace, Orchow, Torres and Kronholm adopt Plaintiff's argument in opposition to Soley's Motion for Summary Judgment to the extent that Plaintiff alleges that Soley was more than just a "mere landlord." They assert that the facts establish that Soley was much more involved in the business venture than one would expect from a "mere landlord."

## Standard of Review

Summary judgment is proper where there is no genuine issue of material fact. Rogers v. Jackson, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. In reviewing a motion for summary judgment, the court must consider the evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the party against whom the summary judgment has been sought in order to determine if the parties' statements of material facts and referenced record evidence reveal a genuine issue of material fact. Lever v. Acadia Hosp. Corp., 2004 ME 35, ¶ 2, 845 A.2d 1178. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." Id. (citing Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575).

---

[8] At the hearing, Defendant Soley conceded that Plaintiff's Count II claim is not barred by the statute of limitations. An action for assault and battery must be brought within two years after the cause of action accrues. 14 M.R.S. § 753 (2003). In the present case, the cause of action accrued on January 26, 2001, and Plaintiff's Complaint was filed on January 24, 2003. In addition, Plaintiff filed a return of service on Defendant Soley within the ninety-day period required by Rule 3 of the Maine Rules of Civil Procedure. See M.R. Civ. P. 3. Accordingly, summary judgment on Count II in favor of Soley pursuant to section 753 is inappropriate.

## Joint Enterprise Liability

In order to hold a defendant liable under a theory of joint enterprise, there must be "proof of a community of interest in and the joint prosecution of a common purpose under such circumstances that each participant has authority to act for all in directing and controlling the means of agency employed." Morey v. Stratton, 2000 ME 147, ¶ 7, 756 A.2d 496, 498 quoting Illingworth v. Madden, 135 Me. 159, 164, 192 A. 273, 276 (1937)); see also Cullinan v. Tetrault, 123 Me. 302, 306, 122 A. 770, 772 (1923); Trumpfeller v. Crandall, 130 Me. 279, 287, 155 A. 646, 650 (1931). The presence of a joint pecuniary interest is not a required element of a joint enterprise. Morey, 2000 ME 147, ¶ 7, 756 A.2d at 498.

In the present case, Soley asserts that he cannot be held liable under the theory of joint enterprise liability because there is no proof that he is one of two or more individuals or entities who have agreed to pool their efforts and resources to jointly seek profits. However, Plaintiff and the other defendants assert that Soley had significant pecuniary and proprietary interests in the bar and had considerable control and authority regarding the bar. See PSMF ¶ 8; BSMF ¶ 8. To support this statement Plaintiff and the other defendants cite Soley's deposition testimony in which Soley admits that in addition to leasing his property, he leased his tavern business to Orchow, and later Wallace. See PSMF ¶ 8 & BSMF ¶ 8 (citing Soley Dep. at 31-32).

In addition, a letter written by Soley to the City of Portland on February 25, 2000, which evidences Soley's involvement and control over the bar, supports Plaintiff's

position. See PSMF ¶ 8 (citing Pl.'s Ex. 9).[9] Wallace's deposition testimony, which establishes that Wallace was not aware of the February 25, 2000 letter or its contents and was not consulted on matters concerning the business addressed in the letter, also supports Plaintiff's position. See PSMF ¶ 8 (citing Wallace Dep. II at 33-36).

Similarly, a record citation provided by Soley himself in SSMF ¶ 3 evidences the existence of an agreement between Soley and Wallace under which Soley would lower the amount of rent due, and allow payment at a later date, when Wallace experienced financial problems. See SSMF ¶ 3 (citing Wallace Dep. at 14-15). This statement indicates that Soley may have had an interest in the bar and may be liable under a theory of joint enterprise.

Finally, while the parties agree that during Wallace's tenure, Soley or P.J. Lewis, Soley's agent, picked up the rent check on a weekly basis, (SSMF ¶ 9; PSMF ¶ 9) they dispute whether the extent of Soley's interactions with Orchow, Wallace and the Better End management can be characterized as "occasional chats." (SSMF ¶ 9; PSMF ¶ 9.) In addition, the parties dispute whether Wallace and Soley had discussions prior to Wallace's purchase of the business other than negotiation of the lease. (SSMF ¶ 10; BSMF ¶ 10; PSMF ¶ 10.)

These facts, *when viewed together and in the light most favorable to Plaintiff*, create a material dispute over whether Soley was a partner in a joint venture involving the Better End Tavern. Accordingly, Soley's motion for summary judgment is denied as to Counts I, II, III, IV and VI.

---

[9] This letter is not hearsay, as it constitutes an admission of a party opponent. See M.R. Evid. 801(d)(2). In addition, the letter is self-authenticating under the reply letter doctrine, which has long been employed in Maine. See Abbott v. McAloon, 70 Me. 98, 99 (Me. 1879).

7

## Public Nuisance

The <u>Restatement (Second) of Torts</u> defines a public nuisance as an "unreasonable interference with a right common to the general public." <u>Restatement (Second) of Torts</u> §821B (1979). Circumstances that amount to unreasonable interference of a public right include:

> (a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or
> (b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or
> (c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

<u>Id.</u>

To establish a cause of action for common or public nuisance, the plaintiff must show that he has "suffered therefrom some special and peculiar damages other and greater than those sustained by the public generally." <u>Charlton v. Town of Oxford</u>, 2001 ME 104, ¶ 27, 774 A.2d 366, 375 (citing <u>Brown v. Watson</u>, 47 Me. 161, 162 (1859)). The Law Court has also held that

> a landowner is liable for a nuisance created by the activity of a third party on the land if (1) the possessor knows or has reason to know that the activity is being carried on and that it is causing or will involve an unreasonable risk of causing the nuisance, and (2) the possessor consents to the activity or fails to exercise reasonable care to prevent the nuisance.

<u>Eaton v. Cormier</u>, 2000 ME 65, ¶ 7, 748 A.2d 1006, 1008 (citations omitted); <u>see also</u> <u>State v. Charpentier</u>, 126 N.H. 56, 489 A.2d 594, 599 (N.H. 1985) ("liability for common law nuisance may be established if the landowner knew or had reason to know that a public nuisance existed") (citing <u>Restatement (Second) of Torts</u> §§ 838 & 839 (1979)).

8

In the present case, Plaintiff's Complaint alleges that Soley, as the property owner of the Better End, knew or should have known about the unruly conduct and public safety risk posed by the tavern that ultimately caused the nuisance and failed to do anything to abate it. However, none of the admissible material facts before the court support Plaintiff's allegation that activities at The Better End might have posed a risk of public nuisance or that Soley was aware of a public nuisance or the possibility of a public nuisance.[10] Accordingly, summary judgment should be granted to Soley on Count V.

## Punitive Damages

The court may not award punitive damages in the absence of implied or actual malice. Zemero Corp. v. Hall, 2003 ME 111, ¶ 10, 831 A.2d 413, 416. "Express malice exists when 'the defendant's tortious conduct is motivated by ill will toward the plaintiff.'" St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y., 2002 ME 127, ¶ 16, 818 A.2d 995, 1001 (quoting Tuttle v. Raymond, 494 A.2d 1353, 1354 (Me. 1985)). "Implied malice arises when 'deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied.'" Id. "Implied malice, however, is not established 'by the defendant's mere reckless disregard of the circumstances.'" Id.

---

[10] Although Plaintiff's opposition memorandum includes a number of record citations that support his argument, these citations have not been considered by the court in its analysis because either they are citations that have not been included in the parties' statements of material facts and are not properly before the court, see M.R. Civ. P. 56(h)(4); Levine, 2001 ME 77, ¶ 9, 770 A.2d at 656, or because they are inadmissible under Rule 56(e) for failure to comply with the Maine Rules of Evidence. See M.R. Civ. P. 56(e); Levine, 2001 ME 77, ¶ 6, 770 A.2d at 656.

Here, Soley argues that any claim against him for punitive damages must fail as a matter of law and the court agrees. There is no evidence in the record to support a finding that Soley acted maliciously toward Plaintiff. In addition, even if held liable under a theory of respondeat superior for the actions of others, Soley may not be held liable for punitive damages; to hold him liable would not likely serve to deter reprehensible conduct. See Kopenga v. Davric Me. Corp., 1999 ME 65, ¶ 24, 727 A.2d 906, 911 (holding that punitive damages should not be awarded where the stated goal of deterring reprehensible conduct would be furthered only marginally or not at all).

Moreover, the court notes that Plaintiff has not made a timely attempt to oppose summary judgment on his allegations of punitive damages,[11] and as a result, he has waived all objections to Soley's motion. See M.R. Civ. P. 7(c)(3).

Accordingly, summary judgment is granted in favor of Soley on Plaintiff's punitive damages claim.

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

---

[11] At the May 13, 2004 hearing, Plaintiff requested that he be given additional time to brief the issue of punitive damages. Plaintiff made no such request in his opposition memorandum and did not file a motion for enlargement of time to respond to Defendant's motion for summary judgment. In addition, he has not offered sufficient reason for the court to allow him to file an opposition at this stage in the proceeding. Accordingly, his request is denied. See M.R. Civ. P. 56(c); M.R. Civ. P. 7.

Defendant Soley's Motion for Summary Judgment on Counts I, II, III, IV & VI is DENIED;

Defendant Soley's Motion for Summary Judgment on Count V and on Plaintiff's claim for punitive damages is GRANTED.

Dated at Portland, Maine this 26th day of May 2004.

_____
Robert E. Crowley
Justice, Superior Court

THOMAS BRAGG  - PLAINTIFF

Attorney for: THOMAS BRAGG
LINDA P COHEN
HANLEY & ASSOCIATES PA
43 MAIN ST
PO BOX 280
SOUTH PARIS ME 04281

**DOCKET RECORD**

Attorney for: THOMAS BRAGG
VISITING ATTORNEY
VISITING ATTORNEY

--

-  -


vs
JOSEPH SOLEY  - DEFENDANT

Attorney for: JOSEPH SOLEY
HARRISON RICHARDSON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: JOSEPH SOLEY
THOMAS MCKEON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

THE BETTER END, INC. - DEFENDANT

Attorney for: THE BETTER END, INC.
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

STEPHEN WALLACE  - DEFENDANT

Attorney for: STEPHEN WALLACE
GUY D LORANGER
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

Attorney for: STEPHEN WALLACE
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

SCOTT ORCHOW  - DEFENDANT

Printed on: 05/26/2004

Attorney for: SCOTT ORCHOW
GUY D LORANGER
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

Attorney for: SCOTT ORCHOW
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

MIGUEL TORRES  - DEFENDANT

Attorney for: MIGUEL TORRES
GUY D LORANGER
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

Attorney for: MIGUEL TORRES
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

EMILY KRONHOLM  - DEFENDANT

Attorney for: EMILY KRONHOLM
GUY D LORANGER
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

Attorney for: EMILY KRONHOLM
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

WAYCOT INC - DEFENDANT

Attorney for: WAYCOT INC
MATTHEW B NICHOLS
NICHOLS & WEBB PA
110 MAIN ST, SUITE 1520
SACO ME 04072

Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 01/24/2003

## Docket Events:
01/27/2003 FILING DOCUMENT - COMPLAINT FILED ON 01/24/2003