### David W. THOMAS

v.

### William W. WILSON.

Supreme Judicial Court of Maine.

April 30, 1976.

**738**

Richardson, Hildreth, Tyler & Troubh by Robert L. Hazard, William B. Troubh, Portland, for plaintiff.

Hewes & Culley by Richard D. Hewes, Peter W. Culley, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

The legal action with which we are here concerned originated with the filing of a complaint for damages resulting from an alleged breach by the defendant of a duty to exercise reasonable care toward the plaintiff. The cause of action is governed by the *"comparative negligence"* statute. 14 M.R.S.A. § 156.

A judgment was entered in accordance with an order of the presiding Justice after the return of a special verdict by the jury declaring that both plaintiff and defendant were negligent and that the plaintiff's causative negligence was at least equal to or greater than that of the defendant.[1] Under the provisions of 14 M.R.S.A. § 156, this factual determination by the jury bars any recovery by the plaintiff for damages which he sustained.

The entry of judgment triggered this appeal by the plaintiff.

We find the appeal to be without such merit as compels setting aside of the judgment and the ordering of a new trial.

We therefore deny the appeal.

■ Appellant first asserts that he was entitled to a directed verdict on the issue of property damage to his motorcycle because appellee failed to specifically deny in his answer the allegations of paragraph 5 of the complaint which read as follows:

"5. David W. Thomas further alleges that he was the owner of the motorcycle which he was operating at the time of the accident and which was, as a result of the negligence, carelessness and recklessness of William W. Wilson, damaged to the extent of $1,000.00."

The pretrial memorandum of both the appellant and the appellee made it clear the appellee denied legal responsibility for any damage to the appellant.

The appellee's answer specifically denied paragraph 3 of the complaint which had alleged:

"William W. Wilson operated a motor vehicle in such a negligent, careless and reckless manner as to cause it to collide with the Plaintiff's motor vehicle."

When the case was tried, both parties should have been aware that the appellee made no concession as to liability for *any* damage sustained by the appellant. It was not until the evidence had all been presented that the appellant called the court's attention to the failure of appellee to specifically deny the allegations of paragraph 5 of the complaint. This was accomplished by appellant's motion for a directed verdict on this issue.[2] Subsequent to the entry of judgment, the appellee was permitted on his motion to amend his answer to expressly deny the allegations of paragraph 5 of the complaint.[3]

---

1. The entry of judgment was accomplished agreeable to Rule 58, M.R.Civ.P.

2. Appellant also argues that it was error to refuse his requested jury instruction to the effect that the jury must find for the plaintiff on the property damage issue unless they find that the plaintiff's own negligence bars his recovery. We view the requested instruction as tantamount to a motion for a directed verdict, which motion we determine was properly denied.

3. Specific provision exists in the rules for the action taken. Rule 15(b), M.R.Civ.P.

It is clear from the record that the presiding Justice was compelled to find that no prejudice resulted to the appellant from the appellee's failure to specifically deny the allegations of paragraph 5 of the complaint before trial. Appellant cannot reasonably argue that he was surprised that the issue of appellee's negligence and legal responsibility for appellant's damages was contested.

We must be ever aware that pleadings under the rules

> "must be viewed not as a game of skill in which one wrong move by counsel may be decisive but rather as orderly steps to be taken in securing an early and just final adjudication of the rights of the parties to the litigation."

*Gosselin v. Better Homes, Inc.,* Me., 256 A.2d 629, 633 (1969).

This point of appeal is entirely lacking in merit.

■ The second issue raised by appellant involves the refusal of the trial Justice to give a jury instruction which appellant had requested. Some of the testimony at trial had indicated that the defendant's vehicle had been traveling at least partially outside its prescribed traffic lane at the time of the collision. At the close of the evidence, appellant asked that the jury be instructed as follows:

> "One may not drive an automobile on the wrong side of the road at a corner or curve assuming that approaching vehicles will be moving at a speed slow enough to allow the offending vehicle a change to the proper lane."

Appellant asserts that (1) the instruction accurately states Maine law on the subject; (2) the instruction was supported by the evidence produced at trial; (3) the instruction is not misleading; (4) the instruction relates to issues not already covered in the jury charge; and (5) the failure to give the instruction prejudiced his cause since the statement defines the legal duties of the parties in precisely the circumstances of this case.

> *"A party is not entitled to have a requested instruction given, even if it states the law correctly, unless it appears* that it is supported by facts, that it is not misleading, that it is not already covered by the charge, and *that the refusal to give it would be prejudicial."* [citations omitted] *Towle v. Aube,* Me., 310 A.2d 259, 266 (1973).

As we view it the idea which appellant sought to convey by the proffered instruction, i. e., that motorists are required to operate their vehicles on the right side of the road at curves and hills where the view of oncoming vehicles is obstructed, was adequately covered in the charge to the jury.[4]

In addition, it must be noted that appellant's claim of prejudice is clearly unfounded. The requested instruction had bearing on the question of the appellee's causative fault in bringing about appellant's damage. The jury did find in fact there was causative fault on the part of the appellee.

■ Finally, appellant urges that the presiding Justice abused his discretion when he declined to conduct an inquiry

---

4. The jury was instructed in pertinent part: "No vehicle—and for the purposes of this law, this includes motorcycles—no vehicle shall be—shall at any time be driven to the left side of the roadway under the following conditions: Grade of curb [sic or curve]; when approaching the crest of a grade or upon a curb [sic curve] on the highway where the travellers' view has been obstructed with-- in such distance as to create a hazard in the event another vehicle might approach from the opposite direction. When persons travelling with teams—and this applies to motor vehicles today—are approaching to meet each other on a way, they should sensibly [sic seasonably] turn to the right of the middle of the travel part of it so that they can pass each other without interference."

after the verdict was returned into possible confusion among the jurors as to the operation of the Maine "comparative negligence" statute. 14 M.R.S.A. § 156.

Appellant presents no evidence of outside influence of the jurors. He simply asserts that the jury *may* have reached its decision as to the relative degrees of negligence of the plaintiff and defendant before it had the benefit of a clarifying instruction on "comparative negligence."

Not only was it not an abuse of discretion to refuse to conduct an inquiry in such circumstances, to have decided otherwise would have been wholly improper. *Patterson v. Rossignol*, Me., 245 A.2d 852 (1968).

We find the contention to be without merit.

The entry must be:

Appeal denied.

Judgment for the defendant affirmed.

DELAHANTY, J., sat at argument but did not participate further in the case.

All Justices concurring.