Raymond L. BAILEY, Jr., et al.

v.

SEARS, ROEBUCK & COMPANY and Emerson Electric Company.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1994.

Decided Dec. 23, 1994.

Maurice A. Libner (orally), McTeague, Higbee, Libner, Macadam, Case & Watson, Topsham, for plaintiff.

Harrison L. Richardson (orally), Richardson & Troubh, Portland, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

Raymond L. Bailey, Jr. and Cathy L. Bailey appeal from a judgment entered in the

Superior Court (Sagadahoc County, *Bradford, J.*) on a jury verdict in favor of Sears, Roebuck & Company and Emerson Electric Company on the Baileys' multi-count complaint against Sears and Emerson seeking damages for the injuries sustained by the Baileys resulting from Raymond's use of a radial saw manufactured by Emerson and purchased from Sears by Raymond's employer. The Baileys challenge certain evidentiary rulings by the trial court and its refusal to give a requested instruction to the jury. Emerson and Sears cross-appeal challenging the court's denial of their request that the confidentiality of certain exhibits admitted in evidence at the trial of this case be protected. Finding no error in the record, we affirm the judgment.

On October 22, 1987, while employed as a carpenter by Steven Cormier, a building contractor, Raymond severely injured his left wrist while using a 10–inch radial arm saw manufactured by Emerson and purchased by Cormier from Sears in 1986. By their complaint against the defendants, the Baileys allege that because the saw was manufactured and sold without a retractable blade guard and without a warning for the need of this protective device, the defendants are liable in damages to the Baileys on the alternative theories of strict liability, negligence or breach of warranty of merchantability. The defendants, by their responsive pleading, deny the allegations of their liability and allege that the injuries suffered by the Baileys were proximately caused by Raymond's negligent use of the saw.

Following the return of the jury verdict in favor of the defendants at the completion of the trial, the defendants moved for the protection of the confidentiality of certain exhibits admitted in evidence. After a hearing, the court denied their motion. From the judgment entered accordingly the Baileys appeal, and the defendants cross-appeal.

## I.

■ The Baileys first contend that they were prejudiced by the trial court's failure to impose adequate sanctions on the defendants for alleged discovery violations. We disagree. Maine Rule of Civil Procedure 16(h)

provides in pertinent part that for discovery violations "the court shall impose upon the party or the party's attorney, or both, such sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof with or without prejudice, the default of a party, the exclusion of evidence at the trial, and the imposition of costs including attorney's fees and travel." We have repeatedly stated that the imposition of sanctions pursuant to Rule 16(h) is within the discretion of the trial court. *See, e.g., State v. Caulk,* 543 A.2d 1366, 1370 (Me.1988). To establish an abuse of the court's discretion the challenging party must establish "that he was in fact prejudiced by the discovery violation despite the court's effort to nullify or minimize its consequences ... and that the prejudice rose to the level of depriving him of a fair trial." *Id.* (quoting *State v. Reeves,* 499 A.2d 130, 133 (Me.1985)).

■ In the instant case the Baileys filed a motion alleging that the defendants had failed to produce requested documents relating to research and development information regarding a guarding device on a radial saw. They sought alternative sanctions of 1) a continuance of the trial to allow further discovery by the Baileys, 2) an order barring the defendants from using any such documents in the course of the trial, or 3) the entry of a default judgment against the defendants. After a hearing, the court by its order allowed the Baileys to take further depositions and provided that if after so doing the Baileys could show how they were prejudiced by the claimed violations, the court would order further sanctions. A further hearing on the motion resulted in the court's order that it would reserve its final ruling on sanctions pending the Baileys' *voir dire,* out of the presence of the jury, of Emerson's director of product safety, a witness for the defendants. The Baileys did not conduct a *voir dire* of the witness and did not renew their requests for further sanctions or press a claim of prejudice. Based on this record, the trial court properly exercised its discretion by not imposing further sanctions on the defendants.

The Baileys next contend that the trial court erroneously excluded evidence of other

claims made and judgments entered against the defendants for injuries sustained by the use of a radial arm saw and of Emerson's and its employees' improper exertion of undue influence to undermine the requirements of the American National Standards Institute, the Occupational Safety and Health Administration and the National Safety Council concerning lower blade guards for radial arm saws.

■ When, as here, the trial court excludes certain evidence pursuant to M.R.Evid. 403, we review its decision for an abuse of discretion. *State v. Robinson,* 628 A.2d 664, 666 (Me.1993); *Isaacson v. Husson College,* 332 A.2d 757, 761 (Me.1975). Here, the record supports the trial court's ruling pursuant to Rule 403 that the probative value of the evidence proffered by the Baileys was substantially outweighed by the danger of confusing the jury and would unduly delay the trial. *Id.*

■ Contrary to the Baileys' final contention, the trial court did not abuse its discretion by refusing the Baileys' requested instruction as to the relationship of safety codes and the Occupational Safety and Health Administration regulations to the standard of care to be exercised by the defendants or in its instructions to the jury in that regard. When, as here, the record discloses that the instructions were substantially correct and the jury has been properly instructed on the legal principle involved in the case, any additional instruction is left to the discretion of the court. *Olsen v. French,* 456 A.2d 869, 877 (Me.1983). There was no abuse of the court's discretion by declining to instruct the jury in accordance with the Baileys' requested instruction.

## II.

By their cross-appeal the defendants contend the trial court abused its discretion by denying their request that the protection of confidentiality theretofore granted to certain of defendants' materials produced in the discovery process be continued for those materials admitted in evidence at the trial. They argue that the language in M.R.Civ.P. 26(c), not contained in its federal counterpart, indi-

cates a state policy of greater concern for the privacy rights of the parties and that the trial court's reliance on the standard articulated in *Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532 (1st Cir.1993), was misplaced. We disagree.

Both M.R.Civ.P. 26(c) and Fed.R.Civ.P. 26(c) read in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, any justice or judge of the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including without limitation one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.

Maine Rule 26(c), unlike the federal rule, contains the following additional language: "The power of the court under this rule shall be exercised with liberality toward the accomplishment of its purpose to protect parties and witnesses."

■ We have not previously addressed the precise issue raised by the defendants' contention. In our consideration of the issue, we recognize that the trial court having heard and seen the evidence presented in its appropriate context at the trial is usually in the best position to evaluate its significance. We also find persuasive the court's reasoning in *Poliquin:*

> Material of many different kinds may enter the trial record in various ways and be considered by the judge or jury for various purposes.... It is neither wise nor needful for this court to fashion a rule-book to govern the range of possibilities. One generalization, however, is safe: the ordinary showing of good cause which is adequate to protect *discovery material* from disclosure cannot alone justify protecting such material after it has been introduced at trial. This dividing line may in some measure be an arbitrary one, but it accords with long-settled practice in this country separating the presumptively pri-

vate phase of litigation from the presumptively public.

*Poliquin v. Garden Way,* 989 F.2d at 533 (emphasis in original). The court concluded that non-disclosure of judicial records could be justified only by the most compelling reasons. *Id.*

▮ In the instant case, in support of their request the defendants submitted an affidavit of the Director of Product Safety for Emerson containing the general allegation that the disclosure of the evidence sought to be protected would "result in a direct loss of revenue to Emerson Electric Co. and would spare our competitors the considerable burden of financing their own research and development."

On this record we cannot say the trial court abused its discretion by determining that the defendants had failed to satisfy the court that they had established good cause or that justice required the continued protection of the exhibits admitted in evidence as distinguished from the materials produced in the course of the discovery process.

The entry is:

Judgment affirmed.

All concurring.