1999 ME 27

**Bessie MIXER**

v.

**TARRATINE MARKET.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 25, 1999.
Decided Feb. 11, 1999.

Arthur J. Greif, Gilbert Law Offices, P.A., Bangor, for plaintiff.

John C. Walker, Windham, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CALKINS, J.

[¶ 1] Bessie Mixer appeals from a judgment entered on a jury verdict in the Superior Court (Hancock County, *Marsano, J.*) in favor of Tarratine Market in a slip and fall negligence action. On appeal, Mixer contends that the court erred in failing to give requested jury instructions and by admitting

evidence of her balance problems. We affirm the judgment.

[¶ 2] On January 31, 1993, Bessie Mixer, age 68, slipped and fell a few feet outside the entry door to Tarratine Market. She had walked to the market which was a ten minute walk from her home in Castine. She purchased two items in the market and was exiting when she fell. She broke her hip. It had been snowing for several hours before Mixer's fall. There was conflicting evidence as to how much snow had fallen and what efforts Tarratine's employees made to clear the snow from the entry ramp.

[¶ 3] Mixer brought this negligence action against Tarratine in which the jury found that both Tarratine and Mixer were negligent and that Mixer's negligence was equal to or greater than Tarratine. Accordingly, judgment was entered for Tarratine.

### I. Jury Instructions

[¶ 4] The primary issue on appeal concerns the jury instructions. The trial court charged the jury in basic and general terms regarding the duty of a landowner to use ordinary care to make his premises reasonably safe:

> In evaluating the question of negligence in this case, if you find that there was a condition of the premises which created a risk of injury to persons using the premises and you find that the condition was or should have been apparent to persons on the premises, then you should recognize the following: Any person has a duty to take reasonable care for their own safety. That duty includes the duty to see that which is to be seen and to exercise reasonable caution regarding risks which are apparent to be seen. Even if the condition of the premises which creates a risk of injury is or should be apparent to persons on the premises, the owner of the premises has a duty to warn of or take other reasonable actions to correct or avoid the condition if the owner should anticipate that persons using the premises will nevertheless encounter the condition or because the person is likely to be distracted.

[¶ 5] Mixer does not contend that the instruction misstated the law. She simply argues that the court should have given her requested instructions. Mixer submitted fifteen repetitive and overlapping instructions on the duty of a landowner in maintaining premises, and several referred to conditions of snow or ice.

[¶ 6] When the jury instructions given by the court are substantially correct, the refusal of the trial judge to give further amplifying instructions is reviewed for abuse of discretion. *See Larochelle v. Cyr,* 1998 ME 52, ¶ 12, 707 A.2d 799, 802. A party is entitled to a requested jury instruction when that instruction "(1) states the law correctly; (2) appears to be supported by the facts of the case; (3) is not misleading or confusing; (4) is not already sufficiently covered in the given charge; and (5) when refusal to give the instruction would result in prejudice to the party requesting it." *Emery v. Hussey Seating Co.,* 1997 ME 162, ¶ 8, 697 A.2d 1284, 1287. Mixer's requested instructions generally met the first requirement above in that they stated the law correctly. Some met the second requirement because they were supported by the facts of the case, but several, which were quotes from *Isaacson v. Husson College,* 297 A.2d 98 (Me.1972), refer to specific facts in that case that were not present in this case.

[¶ 7] More important, the points made by Mixer's proposed instructions were covered sufficiently by the charge that was given. We have repeatedly found no abuse of discretion where the trial court has covered the relevant law in a relatively short general instruction and declined to tailor its instructions in detail to fit the particular facts of the case. *See Lambert v. Tripp,* 560 A.2d 1097, 1100 (Me.1989) (finding no abuse of discretion in negligence instruction covering duty of care but not defining duty owed by motorists to children near the road); *see also Bailey v. Sears, Roebuck & Co.,* 651 A.2d 840, 843 (Me.1994); *Olsen v. French,* 456 A.2d 869, 877 (Me.1983). Here the trial court's instructions adequately defined Tarratine's duty of care. While an instruction which refers to snow would have been appropriate, this jury had listened to several witnesses testifying about how much snow had

fallen and what had been done to remove it. It would have been obvious to the jury that snow was the "condition" referred to in the instruction that was given. The trial court did not abuse its discretion in declining to give proposed instructions that covered in unnecessary detail what the given charge explained adequately.

[¶ 8] Finally, even if the trial court should have given one or more of Mixer's proposed instructions, she suffered no prejudice from its refusal to do so. The proposals related to the duty of Tarratine to remedy the condition caused by the snow. Even without the proposed instructions, the jury found that Tarratine was negligent. It also found, however, that Mixer was equally or more negligent than Tarratine. In a similar situation in which the jury found both the plaintiff and defendant negligent we held that failure to give the plaintiff's requested instruction, amplifying the defendant's duty, was not prejudicial. *See Thomas v. Wilson*, 356 A.2d 737, 739 (Me.1976) (per curiam). Mixer fails to explain plausibly how she was prejudiced by the failure to give her requested instructions.

## II.  Evidence

[¶ 9] The remaining issue concerns the deposition testimony of Dr. Philip Kimball, Mixer's medical expert and treating physician, which was read to the jury. Dr. Kimball testified that when he treated Mixer for her broken hip, she told him she had had balance problems and weakness in her left leg as a result of back surgery in 1988. Mixer moved in limine to exclude that particular portion of the deposition, and the motion was denied.

[¶ 10] Mixer objected to the evidence on the ground that it is inadmissible character evidence. *See* M.R. Evid. 404(a). Evidence of a balance problem, however, is not character evidence; it is evidence of a physical condition. A leading treatise states: "A person's physical characteristics, e.g., color-blindness, clumsiness, or strength, should not be considered as part of his character for purposes of Rule 404. Such traits are capable of objective proof or disproof and present little danger of prejudice ...." 22 WRIGHT & GRAHAM, FEDERAL PRACTICE & PROCEDURE § 233, at 355 (1978); *see also* FIELD & MURRAY, MAINE EVIDENCE § 404.11, at 143 (4th ed.1997). Mixer further argues that the trial court erred in admitting the evidence in light of M.R. Evid. 403. She has failed to demonstrate that the trial court abused its discretion in finding that the probative value was not outweighed by the danger of unfair prejudice.

The entry is

Judgment affirmed.