MAINE SUPREME JUDICIAL COURT                               Reporter of Decisions
Decision:     2016 ME 7
Docket:       Ken-15-15
Argued:       December 8, 2015
Decided:      January 14, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

JONATHAN DAY

v.

BOARD OF ENVIRONMENTAL PROTECTION et al.

PER CURIAM

[¶1]  Carol Reece appeals and Jonathan Day cross-appeals from a judgment entered in the Superior Court (Kennebec County, *Marden, J.*) vacating the Board of Environmental Protection's decision granting Reece's application for a coastal sand dune permit to create a vehicle access way to her property abutting Popham Beach, and to develop a lawn and walkway on the property.  Reece's property is currently undeveloped, and she has not proposed placing any type of building on the land.  *See* 2 C.M.R. 06 096 355-2 § 3(F) (2014).

[¶2]  The Board reached a de novo decision in March 2014 after abutting landowner Day and others appealed from the initial August 2013 grant of the permit by the Department of Environmental Protection.  *See* 38 M.R.S. §§ 341-D(4), 480-D, 480-E (2015).  The Board was asked to interpret the Coastal Sand Dune Rules, 2 C.M.R. 06 096 355-1 to -10 (2014), that it had promulgated

2

pursuant to 38 M.R.S. § 480-AA (2015) of the Natural Resources Protection Act, 38 M.R.S. §§ 480-A to 480-JJ (2015). We affirm the decision of the Board and therefore vacate the Superior Court's December 2014 judgment.

[¶3] The Board was called upon to interpret section 5(C), which prohibits certain projects if they are "likely to be severely damaged" when allowing for a two-foot rise in sea level over 100 years. 2 C.M.R. 06 096 355-5 § 5(C). The Board interpreted this provision not to apply to the proposed project because the term "severe damage" is defined in the Rules as damage exceeding "50% of a building's value," and no building was proposed. 2 C.M.R. 06 096 355-2, -3, -5 §§ 3(F), (G), (GG), 5(C). The Board further determined that the proposed sand and gravel access way to Reece's lot is a driveway, not a road, and is therefore allowed as an exception to a prohibition against new construction in frontal dunes, *see* 2 C.M.R. 06 096 355-5 § 6(B)(1); and that the proposed permeable lawn area is not a prohibited "parking area" despite Reece's plans to park a camper there on a seasonal basis, 2 C.M.R. 06 096 355-3, -5 §§ 3(AA), 6(B). On appeal by Day, *see* 38 M.R.S. § 346(1) (2015), M.R. Civ. P. 80C, the Superior Court vacated the Board's decision.

[¶4] Reviewing the Board's decision directly, *see Mallinckrodt US LLC v. Dep't of Envtl. Prot.*, 2014 ME 52, ¶ 17, 90 A.3d 428, we conclude that the Board's interpretations of its own ambiguous Rules do not conflict with the

relevant statutes or with the Rules, and that the Rules do not compel a contrary interpretation. *See* 38 M.R.S. §§ 480-D, 480-AA; 2 C.M.R. 06 096 355-1 § 1; *Cent. Me. Power Co. v. Pub. Utils. Comm'n*, 2014 ME 56, ¶¶ 18-19, 24-25, 90 A.3d 451; *Friends of Boundary Mountains v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947; *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 16, 870 A.2d 566; *Reardon v. Dep't of Human Servs.*, 2003 ME 65, ¶ 5, 822 A.2d 1120. Although the Superior Court's interpretation of section 5(C) highlights the ambiguity of that provision,[1] the Rules do not compel the interpretation reached by the court, and the Board's interpretation, relying on the definition of "severe damage" as damage to buildings, is not arbitrary or unreasonable. *See Cent. Me. Power Co.*, 2014 ME 56, ¶¶ 18-19, 90 A.3d 451; *Kroeger*, 2005 ME 50, ¶ 16, 870 A.2d 566. Because we affirm the Board's interpretations of its own Rules, we must vacate the Superior Court's judgment and remand for the entry of a judgment affirming the Board's decision to grant Reece the permit.

The entry is:

> Judgment vacated. Remanded for the Superior Court to affirm the decision of the Board.

---

[1] The court reasoned that an exclusion contained in section 5(C) for beach nourishment and dune restoration projects would be mere surplusage if section 5(C) did not apply to projects that did not involve buildings. *See Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 17, 86 A.3d 30.

4

**On the briefs:**

Chris Neagle, Esq., Troubh Heisler, PA, Portland, for appellant Carol Reece

James D. Poliquin, Esq., Norman, Hanson & DeTroy, LLC, Portland, for cross-appellant Jonathan R. Day

Janet T. Mills, Attorney General, Mary M. Sauer, Asst. Atty. Gen., and Margaret A. Bensinger, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Board of Environmental Protection

**At oral argument:**

Chris Neagle, Esq., for appellant Carol Reece

James D. Poliquin, Esq., for cross-appellant Jonathan R. Day

Mary M. Sauer, Asst. Atty. Gen., for appellee Board of Environmental Protection