STATE OF MAINE                          BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                         LOCATION:  PORTLAND
                                        DOCKET NO. BCD-AP-2020-00003


THE HERSHEY COMPANY, et al., )
                             )
            Petitioners,     )
                             )
v.                           )          ORDER GRANTING IN PART and
                             )          DENYING IN PART PETITIONERS'
STATE TAX ASSESSOR,          )          MOTION TO SEAL CERTAIN TRIAL
                             )          EXHIBITS
            Respondent.      )


        This Court has previously discussed the tension between the confidentiality provision of

36 M.R.S. § 191, which provides for the broad confidentiality of tax records (albeit with numerous

exemptions), and the Maine Rules of Electronic Court Systems ("MRECS"), which seek to

maximize public access to court records (albeit with certain exceptions). *The Hershey Company,

et al. v. State Tax Assessor*, Order Resolving Rule 26(g) Discovery Dispute Involving Redaction

of Corporate Tax Information, BCD-AP-2020-00003 (July 29, 2022). In this tax appeal case,

Petitioners have filed a Motion to Seal Certain Trial Exhibits. The subject trial exhibits consist of

two categories: (i) state and federal tax returns from 2014 through 2017 (the "Tax Returns"), and

(ii) certain Hershey's Partner Program Contracts from 2014 through 2017 (the "Program

Contracts"). Petitioners' Motion is accompanied by the affidavit of Alex J. Wynne (the "Wynne

Affidavit"). Because of the tension between the competing policies of confidentiality and public

access, resolution of a motion to seal turns on the strength of the affidavit or affidavits submitted

with the motion. Here, for the reasons discussed below, the Court grants the Motion with respect

to the Tax Returns but denies the Motion with respect to the Program Contracts.

                                        1

STANDARD OF REVIEW

Under Title 36 M.R.S. § 191(1), certain tax information is confidential, and it is unlawful "for any person who, pursuant to this Title, has been permitted to receive or view any portion of the original or a copy of any report, return or other information provided pursuant to this Title to divulge or make known in any manner any information set forth in any of those documents or obtained from examination or inspection under this Title of the premises or property of any taxpayer. This prohibition applies to both state tax information and federal tax information filed as part of a state tax return." This language "creates a broad sweep that protects all information, from whatever source, provided pursuant to Title 36." *Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 14, 86 A.3d 30.

The broad protection of Section 191(1), however, is subject to numerous exemptions. One of the exemptions set forth is 36 M.R.S. § 191(2)(C), which provides that the section does not prohibit "the production in court or to the board on behalf of the State Tax Assessor. . . of so much and no more of the information as is pertinent or to the action or proceeding." Hershey obviously acknowledges that the trial exhibits are pertinent to the proceeding, and so Section 191(2)(C) applies. Moreover, Section 191(2)(C) "does not compel the sealing of such information and material if filed in court." *Apple Inc. v. State Tax Assessor*, 2021 ME 8, ¶ 39 n.4, 254 A.3d 405. Section 191 recognizes that court records are "presumptively public" via the exemption in Section 2(C), and thus "the proponent of sealing such material has the burden to justify the request through a showing of need for confidentiality, typically through affidavits if the sealing request is opposed by another party or questioned by the court." *Apple Inc.*, 2021 ME 8, ¶ 39 n.4.

In this case, because the Maine Business and Consumer Court operates in the electronic environment, Section 191 is not the only consideration. The MRECS "define the scope of access

to court records electronically stored by the Maine Judicial Branch . . . ." MRECS Rule 1(a). Even though the subject trial exhibits were not filed electronically, *see* MRECS Rule 2(21), and ultimately will not be retained as part of the electronic case file, *see* MRECS Rule 34(c), they will be retained by the Court (in paper and electronic form) until all appeals have been exhausted. That process could take years. Hence, the MRECS apply, at least in the interim.

MRECS Rule 10 provides the procedure for sealing or impounding court records and states in relevant part that a party seeking to seal court records must file a motion to seal "accompanied by an affidavit stating the basis upon which the movant has standing, including a statement describing the harm that is alleged will occur should the motion be denied." MRECS Rule 10(a)(2)(A). This rule dovetails with the process described above in *Apple Inc.* The Court thus turns to the Wynne Affidavit to determine whether Petitioners have provided the necessary showing.[1]

ANALYSIS

According to the Wynne Affidavit, Alex J. Wynne is a Senior Manager of Tax at the Hershey Company. His duties consist of tax compliance, preparation and review of returns, audit, and appeals. No mention is made of sales or contract responsibilities. According to Wynne, Hershey does not want its competitors to have access to its tax returns. Hershey takes substantial steps to protect its tax returns from disclosure in the normal course of business. If competitors gain access to Hershey's tax returns, Hershey will be harmed competitively in the candy and confection industry. Wynne does not elaborate on the harm, and ordinarily such a lack of detail in a supporting affidavit would be fatal to a proponent's effort to seal documents. Here, however, the Court has

---

[1] The Court is unpersuaded by the Tax Assessor's argument, relying on *Bailey v. Sears, Roebuck & Co.*, 651 A.2d 840, 843-44 (Me. 1994), that the proponent of sealing must establish "compelling reasons" for its request." *Bailey* was decided under M.R. Civ. P. 26(c), not 36 M.R.S. § 191, and thus the *Bailey* standard does not apply here.

just heard four days of trial, and thus finds Petitioners have satisfied their burden with respect to the Tax Returns.

The same cannot be said with respect to the Program Contracts. As an affiant, Wynne has not been qualified to comment on pricing and rebate information, contracts, or any other aspects of sales and sales competition. The Court is therefore unwilling to credit even his vague statements about harm in connection with the Program Contracts. As a consequence, the Wynne Affidavit is insufficient to satisfy Petitioners' burden, and the defects in the affidavit are not cured by the trial.

## CONCLUSION

The Court grants Petitioners' Motion to Seal as to the Tax Returns, and the Tax Returns are sealed. The Court denies Petitioners' Motion as to the Program Contracts, and the Program Contracts remain accessible to the public.

SO ORDERED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Date: October 14, 2022

Michael A. Duddy, Judge
Business and Consumer Court

Entered on the docket: 10/14/2022

4

**THE HERSHEY COMPANY, et al.**

**v.**

**STATE TAX ASSESSOR**

Artisan Confections Company
CSH Foods, Inc.
Good & Plenty, Inc.
Hershey Chocolate & Confectionary, LLC
Hershey Chocolate Company
Hershey Chocolate of Virginia, LLC
Hershey International, LLC
Hershey Properties Corporation
Kisses, Inc.
Krave Pure Foods, Inc.
Reese Candy Corporation
The Hershey Company
   Counsel:   Jonathan Block, Esq.
         Olga Goldberg, Esq.
         Katherine Kayatta, Esq.
           Pierce Atwood LLP
           Merrill's Wharf, 254 Commercial Street

         Portland, ME 04101


State Tax Assessor
Secretary of State     Thomas Knowlton, AAG

         Lawrence Delaney, AAG

         Kimberly Patwardhan, AAG
           6 State House Station

         Augusta, ME 04333

STATE OF MAINE                         BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                        LOCATION:   PORTLAND
                                       DOCKET NO. BCD-AP-2020-00003


THE HERSHEY COMPANY, et al., )
                             )
            Petitioners,     )
                             )
v.                           )         ORDER RESOLVING RULE 26(g)
                             )         DISCOVERY DISPUTE INVOLVING
STATE TAX ASSESSOR,          )         REDACTION OF CORPORATE TAX
                             )         INFORMATION
            Respondent.      )


The redaction issue in dispute arises from the tension between the confidentiality provision of 36 M.R.S. § 191, which provides for the broad confidentiality of tax records (albeit with numerous exemptions), and the Maine Rules of Electronic Court Systems ("MRECS"), which seek to maximize public access to court records (albeit with certain exceptions). Likewise, there is tension between a public policy of confidentiality in tax records and the common law presumption in favor of public access to judicial records. Petitioner The Hershey Company ("Hershey") seeks to redact certain financial information from five key documents (the Assessor's brief, several statements of material facts, and a 30(b)(6) transcript) which are part of its appeal against Respondent the State Tax Assessor (the "Assessor").

ANALYSIS

36 M.R.S. § 191: Confidentiality of Tax Records

The Court begins its analysis with the statute. Under Title 36 M.R.S. § 191(1), certain tax information is confidential and it is unlawful "for any person who, pursuant to this Title, has been permitted to receive or view any portion of the original or a copy of any report, return or other

1

information provided pursuant to this Title to divulge or make known in any manner any information set forth in any of those documents or obtained from examination or inspection under this Title of the premises or property of any taxpayer. This prohibition applies to both state tax information and federal tax information filed as part of a state tax return." This language "creates a broad sweep that protects all information, from whatever source, provided pursuant to Title 36." *Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 14, 86 A.3d 30.

The broad protection of Section 191(1), however, is subject to numerous exemptions. One of the exemptions set forth is 36 M.R.S. § 191(2)(C), which provides that the section does not prohibit "the production in court or to the board on behalf of the State Tax Assessor. . . of so much and no more of the information as is pertinent or to the action or proceeding." Hershey acknowledges that its tax returns (and information contained therein) are pertinent to the proceeding, and so Section 191(2)(C) applies. Moreover, Section 191(2)(C) "does not compel the sealing of such information and material if filed in court." *Apple Inc. v. State Tax Assessor*, 2021 ME 8, ¶ 39 n.4, 254 A.3d 405. Section 191 recognizes that court records are "presumptively public" via the exemption in Section 2(C), and thus "the proponent of sealing such material has the burden to justify the request through a showing of need for confidentiality, typically through affidavits if the sealing request is opposed by another party or questioned by the court." *Id.* The Hershey Company has not submitted affidavits in support of its requested redactions, but contends affidavits are unnecessary by operation of MRECS. The Court thus turns its attention to the MRECS.

Maine Rules of Electronic Court Systems

The Maine Supreme Judicial Court adopted the MRECS on August 21, 2020. The MRECS are instructive and controlling on issues of sealing court records and they apply to how the Court

2

determines what information is available to non-parties. *See* Order on Bloomberg L.P.'s Motion to Intervene and to Unseal Records, *Templet v. Cartwright*, No. BCD-CV-2020-06 (Bus. & Consumer Ct. Dec. 7, 2020, *Murphy, J.*). The preamble to the MRECS reads as follows:

> These Rules of Electronic Court Systems are intended to **facilitate public access** to and use of the courts in the electronic environment, while providing **maximum reasonable public access to court records** and **minimizing the risk of harm to individuals and entities involved in court proceedings**. In developing these rules, the Maine Judicial Branch has carefully considered and weighed the importance of both public access and protection of privacy in court records in the context of an electronic case management and filing system.

(emphasis added). MRECS Rule 1 describes the principles upon which the rules are based:

> Public access to court records is restricted in certain instances by law. When public access to court records is not controlled by law, these rules will control public access, and every judge, justice, and magistrate applying these rules shall consider the principles listed below in doing so:
>
> **(1)** Public access to records can inform and educate the public about the workings of government, support accountability, and advance public safety;
>
> **(2)** Persons who use the courts have a legitimate expectation of privacy. Providing access to personal details in court records can put the parties at risk and create a disincentive to use the courts;
>
> **(3)** The public can be informed of court activity without having access to all of the personal details in a court record; and
>
> **(4)** When digital information or data are made accessible by the public remotely, neither the Maine Judicial Branch nor any other entity or person has the practical ability to control its dissemination or use.

The definition of "court record" under MRECS Rule 2(17)(A)(i) includes "[p]leadings, motions, briefs and their respective attachments, correspondence, and documentary evidentiary exhibits submitted with court filings." The information which Hershey seeks to redact is thus part of a "court record" and subject to MRECS.

MRECS Rule 3(A)'s "General Access Policy" provides that electronic court records "are accessible by the public except as provided by law, including these rules, or by court order."

3

Therefore, Hershey must show that an exception exists which would justify redacting the information. They must show a rule or law under which the information is redactable as a matter of law or convince this Court that it should issue an order redacting the information in the interest of justice.

In this regard, Hershey points to MRECS Rule 4, which enumerates items which are nonpublic as a matter of law under MRECS, without the need for affidavits or any other showing. In reliance on MRECS Rule 4(e)(10), Hershey argues that "tax documents" filed in a civil case, including the data and information contained in those tax documents, are nonpublic as a matter of law. Hence, argues Hershey, it was entitled to redact from the five documents at issue in this case, the financial information derived from its tax documents.

Hershey's reliance on MRECS Rule 4(e)(10), however, is misplaced. Rule 4(e)(10) provides that when filed in a civil case, "[p]ersonal financial documents, including financial statements, tax documents including W-2s, paystubs, bank statements, account statements, and payment histories" are considered nonpublic. By its text, MRECS Rule 4(e)(10) applies only to personal financial documents of an individual, not corporate financial documents. Thus, the reference in Rule 4(e)(10) to "tax records" refers to the personal tax records of an individual, not corporate tax records. Since corporate tax records filed in a civil case are not automatically considered nonpublic pursuant to MRECS Rule 4(e)(10), information derived from those records, such as the corporate financial information at the center of this dispute, is not automatically entitled to redaction. Indeed, the public has an interest in high-level financial information of corporations doing business in Maine, particularly when that information is subject to a suit against the Assessor in an effort to reduce the corporation's tax burden to the State.

The Assessor argues that the appropriate procedure to apply in this matter is contained in MRECS Rule 10, and the Court agrees. Rule 10 provides the procedure for sealing or impounding court records and requires in Paragraph (a)(2)(A) that a party seeking to seal court records must file a motion to seal "accompanied by an affidavit stating the basis upon which the movant has standing, including a statement describing the harm that is alleged will occur should the motion be denied." This rule dovetails with the process clarified by the *Apple Inc.* footnote 4 favoring disclosure and requiring some showing by the proponent of sealing.[1] In order to support its argument for redaction, therefore, Hershey should have provided an affidavit or affidavits as provided in MRECS Rule 10(a)(2).

## CONCLUSION

Since there was uncertainty about application of the MRECS to this dispute, and the need for an affidavit, the Court reserves deciding the dispute. The Court provides Hershey with 10 days from the date of this Order to provide the required affidavit, if it chooses to do so. The information will remain nonpublic until further order of the Court.

Date: July 29, 2022

Michael A. Duddy, Judge
Business and Consumer Court

Entered on the docket: 07/29/2022

---

[1] There is thus no difference in the outcome between an MRECS court using electronic filing, such as the BCD, and a court still using paper filing.

5